UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
INVISTA NORTH AMERICA S.A.R.L                 :
and AURIGA POLYMERS, INC.,                    :
                                              :
         Plaintiffs,                          :        CASE NO.   1: 13-MC-16
    v.                                        :        OPINION & ORDER
                                              :        [Resolving Doc. 1]
M & G CORPORATION and                         :
M&G POLYMERS USA, LLC                         :
                                              :
         Defendants.                          :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

     In this patent dispute, third party PET Processors, LLC moves to quash subpoenas issued to it

by Plaintiff Invista North America S.A.R.L.[1/]  It says that the subpoenas impose "undue burden and

the information requested by Invista can be sought from some other source that is more convenient,

less burdensome, or less expensive."[2/]  Invista responds that the subpoenas are necessary for expert

discovery because the defendant's expert relied on the data that is the subject of the subpoenas in

submitting his reports.[3/]  Because the Court finds the merits of this motion intertwined with a

preexisting discovery dispute already pending in the underlying litigation, the Court **REMITS** this

motion to quash to the United States District Court for the District of Delaware.

     Federal Rule of Civil Procedure 45 governs quashing subpoenas.[4/]   A court must quash a

---

[1/][Doc. 1.]

[2/][Doc. 1 at 1.]

[3/][Doc. 4 at 13.]

[4/]Fed. R. Civ. P. 45.

Case No. 1:13-MC-16
Gwin, J.

subpoena that:  (i) fails to allow a reasonable time to comply; (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles; (iii) requires disclosure of privileged or other protected matter; or (iv) subjects a person to undue burden.[5/]  The party issuing a subpoena must take reasonable steps to avoid imposing an undue burden on a person subject to the subpoena,[6/] but "[t]he movant bears the burden of establishing that the issued subpoenas violate Rule 45 of the Federal Rules of Civil Procedure."[7/]  "If the documents sought by the subpoena are relevant and are sought for good cause, then the subpoena should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing."[8/]  A district court considering these matters may remit them to the district court of the underlying litigation where necessary.[9/]

PET Processors and Invista agree that the data that is the subject of this dispute is already the subject of a dispute in the underlying litigation.[10/]  It appears that PET employs an expert engaged in the litigation by Defendant M&G who may have used data provided by PET to conduct tests relevant to M&G's claims in the underlying litigation.[11/]  Thus some dispute exists as to whether this

---

[5/]*Id.* at (c)(3)(A)(i)-(iv).

[6/]*Id.* at (c)(1).

[7/]*Recycled Paper Greetings, Inc. v. Davis*, 2008 WL 440458, at *3 (N.D. Ohio Feb. 13, 2008).

[8/]*Id.* (internal citation and quotation marks omitted).

[9/]*See* Fed. R. Civ. P. 26(c) advisory committee note to subdivision (c) ("The subdivision recognizes the power of the court in the district where a deposition is being taken to make protective orders. Such power is needed when the deposition is being taken far from the court where the action is pending. The court in the district where the deposition is being taken may, and frequently will, remit the deponent or party to the court where the action is pending.").

[10/][Doc. 1 at 2; Doc. 4 at 2.]

[11/][Doc. 1 at 2.]

Case No. 1:13-MC-16
Gwin, J.

data is relevant to the expert's work and whether it is available from some other source, namely the

expert himself or M&G.  These determinations appear bound up with the underlying discovery

disputes, which, on Invista's representation, are currently pending in Delaware.  The Court finds that

the interests of all parties will be better served by a single determination of the relevance of this data.

As the District of Delaware has more substantial contact with the underlying matter, the interests of

comity militate in favor of this matter's resolution there.

Accordingly, this Court **REMITS** Invista's motion to the District of Delaware for consideration

in conjunction with the pending litigation case number 1:11-cv-1007-SLR.

IT IS SO ORDERED.

Dated: March 15, 2013                          s/       *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE